# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>BRYAN BINNS,<br><br>　　　Defendant. | Case No. 2:11-cr-00057-LDG (CWH)<br><br>**ORDER** |

　　　The defendant, Bryan Binns, has filed an unsigned motion, pursuant to 28 U.S.C. §2255, to vacate, set aside, or correct sentence by a person in federal custody (#194), an unsigned motion for leave to file an amended §2255 motion (#195), a signed motion for leave to file an amended §2255 motion (#196), and a signed amended §2255 motion (#197). The government timely filed a response (#203) to the signed §2255 motion. The defendant then filed another motion to amend his §2255 motion (#204), that attempted in part to correct obvious deficiencies identified by the government. The defendant attached the proposed amended §2255 motion to his motion to amend. Having considered the record as a whole, the Court will grant the defendant's most recent motion to amend his

§2255 motion, will dismiss certain of the claims, and will require that the government file a response to the amended §2255 motion.

To prevail under 28 U.S.C. § 2255, Binns must demonstrate: (1) that counsel's representation fell below an objective standard of reasonableness (the "deficiency" prong); *and* (2) that counsel's deficient performance prejudiced the defendant (the "prejudice" prong). *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Supreme Court has emphasized that the movant must make a compelling evidentiary showing in order to satisfy the deficiency prong:

> To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance.

*Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (internal citations and quotations omitted). The Court reviews ineffectiveness claims against the backdrop of the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Stokley v. Ryan*, 659 F.3d 802, 811-12 (9th Cir. 2011). There is no constitutional deficiency where counsel fails "to raise a meritless legal argument," *Shah v. United States*, 87 F.3d 1156, 1162 (9th Cir. 1989), or where a "movant's allegations, viewed against the record" are "palpably incredible or patently frivolous." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). "Deficiency," therefore, imposes on the movant the "burden . . . to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787.

The prejudice prong is just as strict. The movant must demonstrate a "reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been

different." *Strickland*, 466 U.S. at 694 ("reasonable probability" is "sufficient to undermine confidence in the outcome"); *see also Wong v. Belmontes*, 130 S. Ct. 383, 390–391 (2009) (burden on claimant) (quoting *Strickland*, 466 U.S. at 694); *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (in addition to defective performance, movant "must also meet the substantial burden" of establishing prejudice). The movant thus does not prove prejudice by (1) listing the things he thinks his attorney "should have done," and then (2) speculating that, had he done them, there might have been a different outcome. Rather, the movant must state the *specific facts* that – but for counsel's deficient performance – would have likely produced a more favorable result. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (citation omitted); *see also Gonzalez v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir. 2008) ("Gonzalez does not contend that he actually suffered from a mental illness; he merely argues that *if* tests had been done, and *if* they had shown evidence of some brain damage or trauma, it *might have* resulted in a lower sentence. Such speculation is plainly insufficient to establish prejudice.") (emphases in original) (citation omitted). Where the movant claims that his counsel's deficient performance caused him to plead guilty, therefore, he must – through a "statement of *specific* facts," *James*, 24 F.3d at 26 (emphasis added) – demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and *would have insisted on going to trial*." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (emphasis added).

      As the amended §2255 motion is before the Court for preliminary review, for each ground for relief, the Court considers whether the defendant has stated facts to support the ground for relief, or whether it plainly appears from the motion–in the context of the record of the prior proceedings–that the defendant is not entitled to relief on that ground.

In his proposed amended motion, the defendant has failed to sufficiently state facts to support Ground Two, Ground Four, Ground Six, Ground Seven, Ground Eight, Ground Ten, and Ground Eleven.

Further, the record of prior proceedings plainly establishes that the defendant is not entitled to any relief on Ground Four, Ground Eight, and Ground Ten. The Court will dismiss these grounds for relief.

Unlike his prior submitted §2255 motions, the Defendant has stated a sufficient modicum of specific facts to support Ground One, Ground Three, and Ground Five, as to warrant a response from the government. Accordingly, the Court will order the government to file an answer, motion, or other response to these three claims.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant's Motion to Amend (#204) is GRANTED; The Clerk of the Court shall file the proposed Amended Motion to Pursuant to 28 U.S.C. §2255 to Vacate, Correct, or Set Aside Sentence by a Person in Federal Custody that is attached to the defendant's motion;

THE COURT **FURTHER ORDERS** that Grounds Two, Four, Six, Seven, Eight, Ten, and Eleven are DISMISSED;[1]

THE COURT **FURTHER ORDERS** that the Government shall file an answer, motion, or other response to Grounds One, Three, and Five not later than Friday, May 23, 2014.

THE COURT **FURTHER ORDERS** that Defendant's Motions Pursuant to 28 U.S.C. §2255 to Vacate, Correct, or Set Aside Sentence by a Person in Federal Custody (## 194, 197), and Defendant's Motions to Amend (## 195, 196) are DENIED as moot;

---

[1] The proposed Amended Motion expressly omits Ground Nine.

1  THE COURT **FURTHER ORDERS** that the Clerk of the Court shall serve a copy of
2  this Order on both the Defendant and the United States.

4  DATED this __31__ day of March, 2014.

_____
Lloyd D. George
United States District Judge