# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRYAN BINNS,<br><br>    Defendant. | Case No. 2:11-cr-00057-LDG (CWH)<br><br>**ORDER** |

   Presently before the Court are the First, Third, and Fifth claims for relief as presented in defendant Bryan Binns' amended motion brought pursuant to 28 U.S.C. §2255, to vacate, set aside, or correct sentence by a person in federal custody (#215). Previously, the Court dismissed the other grounds for relief (#214). Each of the remaining three claims asserts that Binns' counsel was ineffective. In his first ground for relief, Binns asserts counsel falsely stated, as part of the plea process, that Binns would receive a sentence reduction that was below that which was indicated in his plea agreement and disclosed during the plea colloquy. In his third ground for relief, Binns alleges that his counsel was ineffective in the sentencing process, failing to investigate and to object to evidence that was presented at sentencing. Finally, in his fifth ground for relief, Binns asserts that he "communicated to counsel that he wanted to file and litigate a direct appeal,

counsel unprofessionally failed to file the appeal." The government has filed an opposition to the three claims (#217), and Binns has filed a reply (#220).

To prevail under 28 U.S.C. § 2255, Binns must demonstrate: (1) that counsel's representation fell below an objective standard of reasonableness (the "deficiency" prong); *and* (2) that counsel's deficient performance prejudiced the defendant (the "prejudice" prong). *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Supreme Court has emphasized that the movant must make a compelling evidentiary showing in order to satisfy the deficiency prong:

> To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance.

*Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (internal citations and quotations omitted). The Court reviews ineffectiveness claims against the backdrop of the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Stokley v. Ryan*, 659 F.3d 802, 811-12 (9th Cir. 2011). There is no constitutional deficiency where counsel fails "to raise a meritless legal argument," *Shah v. United States*, 87 F.3d 1156, 1162 (9th Cir. 1989), or where a "movant's allegations, viewed against the record" are "palpably incredible or patently frivolous." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). "Deficiency," therefore, imposes on the movant the "burden . . . to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787.

The prejudice prong is just as strict. The movant must demonstrate a "reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 ("reasonable probability" is "sufficient to undermine

confidence in the outcome"); *see also Wong v. Belmontes*, 130 S. Ct. 383, 390–391 (2009) (burden on claimant) (quoting *Strickland*, 466 U.S. at 694); *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (in addition to defective performance, movant "must also meet the substantial burden" of establishing prejudice). The movant thus does not prove prejudice by (1) listing the things he thinks his attorney "should have done," and then (2) speculating that, had he done them, there might have been a different outcome. Rather, the movant must state the *specific facts* that – but for counsel's deficient performance – would have likely produced a more favorable result. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (citation omitted); *see also Gonzalez v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir. 2008) ("Gonzalez does not contend that he actually suffered from a mental illness; he merely argues that *if* tests had been done, and *if* they had shown evidence of some brain damage or trauma, it *might have* resulted in a lower sentence. Such speculation is plainly insufficient to establish prejudice.") (emphases in original) (citation omitted). Where the movant claims that his counsel's deficient performance caused him to plead guilty, therefore, he must – through a "statement of *specific* facts," *James*, 24 F.3d at 26 (emphasis added) – demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and *would have insisted on going to trial*." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (emphasis added).

Binns' allegations in support of his first and third claims are contrary to his sworn statements as presented in the record, and thus will be denied.

The government has indicated it will not contest Binns' assertion that he advised his counsel to file an appeal. The government indicates that it has elected to do so because it believes that Binns validly waived his right to appeal. As such, the most efficient method to

resolve the ground of relief is provide Binns an opportunity to file an appeal and, if Binns does file an appeal, seeking dismissal of that appeal based upon Binns' waiver.

As the government has filed a non-opposition to the defendant's fifth ground for relief, the Court need not hold an evidentiary hearing on Binns' allegations regarding this ground, but assumes for purposes of the motion that the allegations are true. The failure of counsel to file an appeal as instructed by the defendant is ineffective assistance of counsel, as it denies the defendant an opportunity to file a timely appeal. The appropriate remedy in this circumstance is to vacate and re-enter the judgment, as this provides the defendant an opportunity to file a timely appeal. Accordingly,

THE COURT **ORDERS** that Defendant's Amended Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#215) is DENIED as to the remaining Grounds One and Three, and is GRANTED as to the remaining Ground Five.

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall prepare an Amended Judgment in a Criminal Case imposing the same sentence of imprisonment and all other terms and conditions as originally imposed in the Judgment entered May 4, 2012.

THE COURT FURTHER **ORDERS** that, effective upon the entry of the Amended Judgment, the Judgment entered May 4, 2012, is VACATED.

THE COURT FURTHER **ORDERS** that the Clerk of the Court shall serve a copy of this Order on both the Defendant and the United States.

DATED this ____ day of February, 2015.

Lloyd D. George
United States District Judge