# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRYAN BINNS,

    Defendant.

Case No. 2:11-cr-057-LDG (CWH)

**ORDER**

Before the Court are the government's motion (ECF No. 254) and amended motion (ECF No. 265) to reduce the sentence of Bryan Binns pursuant to Fed. R. Crim. Pro. 35(b).

In June 2015, the government and the defendant entered into a stipulation to reduce the defendant's sentence from a term of incarceration of 235 months to a term of 188 months. The parties indicated that the stipulation was to give effect to a retroactive change to the sentencing guideline underlying the Court's calculation of the defendant's advisory guideline sentencing range. The Court re-sentenced the defendant pursuant to the parties' stipulation, and re-sentenced the defendant to a term of 188 months' incarceration.

The United States then filed its original Rule 35(b) motion (ECF No. 254), asking that the Court reduce the defendant's sentence from a term of incarceration of 235 months to a term of 188 months, to reflect substantial assistance provided by the defendant's wife. In its amended motion, the assistant United States Attorney asserts that, at the time she filed the original motion, she was unaware that defendant had already entered into a sentence-reduction stipulation with the appellate section of the United States Attorney's Office. She was also unaware that the Court had already re-sentenced the defendant to a term of 188 months. As such, through its amended motion (ECF No. 265) the government clarified that it sought a further reduction of the defendant's sentence from 188 months to 151 months.

In seeking a Rule 35(b) reduction of the defendant's sentence, the government noted that, following the defendant's sentencing in April 2012, his wife–Bebsy Pulido–contacted the Drug Enforcement Administration to indicate a willingness to assist the DEA in exchange for a possible reduction of sentence for the defendant. In April 2015, the defendant's wife provided information to the DEA regarding a methamphetamine supplier in Los Angeles. The defendant's wife acted as a confidential informant. Ultimately, agents of the DEA were able to recover four pounds of methamphetamine and to arrest one person.

The defendant's response to the motion largely echoed the facts recited by the government, though the defendant indicated that Bebsy Pulido is his fiancee, and that she met with a DEA agent in March 2015.

The government did not specify the specific provision of Rule 35 pursuant to which it brought its motion. The defendant suggested that the motion was brought pursuant to Rule 35(b)(2)(B).

While the parties agreed that a reduction of the defendant's sentence would be appropriate under Rule 35(b), the parties' papers were insufficient to establish that it would

be appropriate for the Court to grant the requested relief. Rule 35(b)(2) permits the court to grant a sentence reduction if the *defendant's* substantial assistance involved (a) information not known to the *defendant* until after one year after the sentencing, (b) information known and disclosed by the *defendant* within one year after the sentencing, or (c) information known to the *defendant* within one year and disclosed after one year after the sentencing *if* the *defendant* did not anticipate the usefulness of the information within the one-year period. In short, the language of Rule 35(b) permits the court to reduce a defendant's sentence for the *defendant's* substantial assistance in investigating or prosecuting another person. Neither the government's motion nor the defendant's response, however, recited any assistance provided by the defendant. Rather, the motion and response were limited to facts indicating that a person other than the defendant provided assistance to the government, in an effort to obtain a reduced sentence for the defendant. Further, neither the government nor the defendant provided any argument or citation to authority suggesting that the Court may, in the context of Rule 35(b), attribute the substantial assistance of a defendant's surrogate to a defendant in the absence of any participation in the assistance by the defendant. Accordingly, the Court provided the parties an opportunity to submit supplemental briefs addressing the Court's concerns.

The Court further requested that government specifically identify the provision of Rule 35(b)(2) pursuant to which it had brought its motion.

The parties have filed their supplemental briefs.

The government has clarified that it seeks a reduction pursuant to Rule 35(b)(2)(A), which permits a Rule 35 motion to be brought more than one year after the original sentencing date if the information was not known to the defendant until a year or more after the original sentencing.

The government has provided additional facts establishing the defendant's assistance, and his participation in the assistance Pulido provided, to the government. In

3

2015, as the defendant was incarcerated, he talked to other inmates. The defendant told other inmates that his wife needed money. One inmate told the defendant that if his wife called a "guy" he knew, the guy might be able to help her out if she was willing to pick-up narcotics and transport the narcotics to another location.

The defendant called the Drug Enforcement Administration (DEA) and asked if his wife was willing to do this on his behalf could he get the credit for it. The DEA responded affirmatively. Pulido then contacted the DEA and she was instructed by the DEA to call the number the defendant had given her. Pulido made numerous phone calls and physically met with the supplier of methamphetamine in Los Angeles, California. Pulido provided valuable information regarding her discussions with the supplier. Additionally, the DEA was able to establish GPS pinging information which enabled surveillance to gather valuable intelligence of where the narcotics were stored prior to Pulido meeting with the supplier. Agents were able to arrest one person and recover four pounds of methamphetamine.

The government has not directed the Court's attention to any relevant binding precedent from the Ninth Circuit regarding whether the Court may, in the context of Rule 35(b), attribute the substantial assistance of a defendant's surrogate to a defendant who has played some role in initiating that assistance. However, the government cites to the persuasive authority of *United States v. Doe*, 870 F.Supp. 702 (E.D. Va. 1994). In that case, the district court determined that Rule 35 relief could be granted for:

> assistance rendered by a defendant's surrogate when (1) the defendant plays some role in instigating, requesting, providing, or directing the assistance; (2) the government would not have received the assistance but for the defendant's participation; (3) the assistance is rendered gratuitously; and (4) the court finds that no other circumstances weigh against rewarding the assistance.

The Court finds this reasoning persuasive and will apply these factors in deciding the government's motion. The additional facts provided by the government establish that the defendant played a role in instigating and directing the assistance of Pulido. While

4

incarcerated, and more than a year after his original sentencing, the defendant obtained information regarding a "guy" who would be willing to pay for the transport of narcotics. The government would not have received this assistance without the defendant's participation, as he contacted the DEA with the information and caused Pulido to then contact the DEA for instructions. The record lacks any indication that Pulido provided the assistance other than gratuitously on behalf of defendant, variously identified as her husband or fiancé. Finally, nothing in the record suggests an impermissible use of surrogate assistance. The information obtained by defendant concerned an existing criminal enterprise of which he was previously unaware. Rather, it appears that the defendant provided some assistance, and obtained the surrogate assistance of Pulido, to effectively assist the government in the investigation and prosecution of criminal acts of which the defendant had gained information.

Finally, the defendant argues that the defendant should receive a 50% reduction in his sentence from 188 months to 94 months. The government has suggested that the defendant should receive a reduction of 37 months, resulting in a term of incarceration of 151 months. The Court will follow the government's recommendation.

Accordingly, for good cause shown,

THE COURT **ORDERS** that the government's Motion and Amended Motion for Downward Departure under Federal Rule of Criminal Procedure 35(b) (ECF Nos. 254, 265) are GRANTED.

THE COURT **FURTHER ORDERS** that the defendant's previously imposed sentence of imprisonment (as reflected in the Order on Sentence Reduction dated June 3, 2015) of **188 months** as to each of Counts 1, 2, 3, and 4, each sentence of imprisonment to be served concurrently, is **REDUCED** to **151 months** as to each of Counts 1, 2, 3, and 4, each sentence of imprisonment to be served concurrently. Except as otherwise provided, all provisions of the judgment dated February 6, 2015, shall remain in effect.

THE COURT FURTHER **ORDERS** that Defendant's Motion for Order (ECF No. 276) is GRANTED.

DATED this 25 day of October, 2017.

                                                      Lloyd D. George
                                                     United States District Judge